UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN TALBOT,<br><br>    Plaintiff<br><br>v.<br><br>LOUIS ERIC JOHNSON, DANIEL BOGDENS, and JOHN GREGORY DAMM,<br><br>    Defendants | Case No.: 2:21-cv-02112-APG-VCF<br><br>**Order on Motion to Dismiss and Motion to Strike**<br><br>[ECF Nos. 17, 27, 24, 27, 29] |

Plaintiff Shawn Talbot was a defendant in a criminal case in which he was found guilty of conspiracy to commit money laundering and money laundering/aiding and abetting. *United States v. Rice*, 2:09-cr-00078-JCM-GWF, ECF Nos. 10 (indicating the defendant's true name was Shawn Talbot Rice); 416 at 1.  Talbot was imprisoned and assessed monetary penalties for these crimes. ECF No. 416 at 2-7.  He was later found guilty of failing to appear before the court and was similarly imprisoned and assessed monetary penalties. *United States v. Rice*, 2:10-cr-00520-JCM-GWF, ECF No. 135 at 1-7.  The defendants in this case represented the government in those cases. *United States v. Talbot*, 2:09-cr-00078-JCM-GWF, ECF No. 1 at 2, 37; *United States v. Rice*, 2:10-cr-00520-JCM-GWF, ECF No. 1 at 1, 3.

In Talbot's current complaint, he claims that he is not subject to the jurisdiction of the federal government. ECF No. 7 at 6, 8, 10, 12.  He asserts that the court that decided his two criminal cases, as well as seemingly any cases related to those two, did not have personal or subject matter jurisdiction to decide the cases and therefore deprived him of his "right to freedom." *Id.* at 6-7, 9, 17.  He claims he was subject to duress and coercion when he complied with his probation terms. *Id.* at 15.  He demands the defendants prove the court had jurisdiction,

and he contends that if the court lacked jurisdiction, then he is entitled to monetary damages. *Id.* at 7-8, 13, 15, 21. He also claims that his due process rights will be violated if a "judge arbitrarily claims the court has jurisdiction." *Id.* at 9.

## MOTION TO DISMISS

The defendants move to dismiss Talbot's complaint because, among other reasons, they are entitled to prosecutorial immunity for their roles in evaluating, initiating, and advancing criminal prosecutions against Talbot. They assert they are bound to use their best judgment in deciding which suits to bring and in prosecuting them in court. Talbot responds that when the defendants asserted the trial court had jurisdiction and took on their roles as prosecutors, they waived their immunity and gave permission to be sued. *See also* ECF No. 7 at 26. He also argues that because he sues the defendants in their individual capacities, they are not protected by immunity.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, I accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Second, I consider whether the factual allegations in the complaint allege a plausible

claim for relief. *Id.* at 679. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

A plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). Talbot seems to bring a *Bivens* claim against the defendants because he alleges that the defendants violated his constitutional rights by prosecuting him in a court that did not have jurisdiction over him.

"Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc). "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified by the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991). In determining whether an official's function is protected by absolute immunity, I "distinguish between acts of advocacy, which are entitled to absolute immunity, and administrative . . . acts which are not." *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018). Initiating a prosecution and presenting the government's case are classified as advocacy. *Id.* "[G]overnment attorney[s] . . . performing acts 'intimately associated with the judicial phase' of . . . litigation [are] . . . entitled to absolute immunity from damage liability," including in *Bivens* claims. *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (citing *Flood v. Harrington*, 532 F. 2d 1248, 1251 (9th Cir. 1976) and *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Here, Talbot sues the defendants for prosecuting him. The defendants' decisions to prosecute the cases against Talbot, including in which courts to do so, are acts intimately associated with the judicial phase of Talbot's case. The defendants are therefore immune from Talbot's claims against them. I grant the defendants' motion to dismiss. The defendants move

to strike Talbot's reply (ECF No. 26), but even if I considered that reply, my conclusion would remain the same. I therefore deny as moot the defendants' motion to strike.

## CONCLUSION

I THEREFORE ORDER that defendants Louis Eric Johnson, Daniel Bogdens, and John Gregory Damm's motion to dismiss **(ECF No. 17) is GRANTED**.

I FURTHER ORDER that the defendants' motion to strike **(ECF No. 27) is DENIED** as moot.

I FURTHER ORDER that all other pending motions **(ECF Nos. 24, 29, 33) are DENIED** as moot.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants and against the plaintiff, Shawn Talbot, and to close this case.

DATED this 30th day of August, 2022.

                                                                   ANDREW P. GORDON
                                                                   UNITED STATES DISTRICT JUDGE

4